T.C. Memo. 1996-411


UNITED STATES TAX COURT


GARY A. AND FRANCES BYBEE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent[*]


Docket No. 43665-86.                    Filed September 12, 1996.


Gary A. Bybee, pro se.

<u>S. Mark Barnes</u>, for respondent.


SUPPLEMENTAL MEMORANDUM FINDINGS OF FACT AND OPINION

SWIFT, <u>Judge</u>:  This matter is before the Court on remand from the Court of Appeals for the Ninth Circuit in <u>Bybee v. Commissioner</u>, 29 F.3d 630 (9th Cir. 1994), affg. in part,

---

[*]    This opinion supplements <u>Bybee v. Commissioner</u>, T.C. Memo. 1993-232.

vacating and remanding in part without published opinion T.C. Memo. 1993-232.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for 1982, and all Rule references are to the Tax Court Rules of Practice and Procedure. All references to petitioner, singular, are to Gary A. Bybee.

In Bybee v. Commissioner, T.C. Memo. 1993-232, we sustained respondent's Federal income tax deficiency determinations and additions to tax for 1982, 1983, and 1984, as reflected in the schedule below:

|  |  | Additions to Tax | | |
| Year | Deficiency | Sec. 6653(a)(1) | Sec. 6653(a)(2) | Sec. 6661 |
| 1982 | $11,047 | $552 | * | $1,105 |
| 1983 | 13,503 | 675 | * | 1,350 |
| 1984 | 11,957 | 598 | * | 1,196 |

* 50 percent of interest due on portion of underpayment attributable to negligence.

In Bybee v. Commissioner, supra, the Court of Appeals for the Ninth Circuit affirmed our decision relating to petitioners' 1983 and 1984 Federal income tax deficiencies and additions to tax.  With regard, however, to our decision relating to petitioners' 1982 Federal income tax deficiency and additions to tax, the Court of Appeals for the Ninth Circuit questioned whether respondent's notice of deficiency was timely mailed pursuant to section 6501(a) and remanded that question to us for our consideration.

## FINDINGS OF FACT

On April 15, 1983, petitioners filed their 1982 joint Federal income tax return.

In December of 1984, respondent began an audit of petitioners' 1983 joint Federal income tax return.

In 1985, respondent expanded the audit to include petitioners' 1982 and 1984 joint Federal income tax returns. Petitioner refused to provide to respondent's revenue agent any records relating to 1982 or 1984.

On September 26 and 27, 1985, respondent's revenue agent requested of petitioner an extension of the period of limitation on assessment of tax for 1982, which period was due to expire on April 15, 1986.

On November 19, 1985, petitioner met with respondent's revenue agent and with the revenue agent's group manager to discuss the audit generally and the requested extension of the period of limitation for 1982. During the meeting, the revenue agent prepared a Form 872, Consent to Extend the Time to Assess Tax, with regard to petitioners' joint Federal income tax for 1982, reflecting a limitation date of December 31, 1986. Respondent's revenue agent provided this form to petitioner with a request to sign the form and to return it to respondent by December 20, 1985.

On December 17, 1985, respondent received, via certified mail, the above Form 872 signed by petitioners and dated December 12, 1985.  On December 30, 1985, respondent's authorized representative signed this Form 872.

On September 9, 1986, more than 3 months before the December 31, 1986, expiration date, respondent mailed the notice of deficiency with regard to petitioners' 1982 Federal income tax.

OPINION

Section 6501(a) provides the general 3-year period of limitations applicable to respondent's authority to assess Federal income taxes.  Under section 6501(c)(4), before the 3-year period of limitations has expired, respondent's representatives and a taxpayer may consent in writing to the assessment of tax after the expiration of the 3-year period.  The tax may then be assessed at any time before the new expiration date.

Petitioners and respondent's representative signed the Form 872 on December 12, 1985, agreeing to extend the period of limitation applicable to petitioners' 1982 Federal income tax to December 31, 1986.  Sec. 6501(c)(4).

Petitioners allege that they did not personally sign the Form 872 and that someone in respondent's office forged their signatures.

Petitioners herein have completely failed to satisfy their burden to prove that the signatures on the Form 872 constitute forgeries.  Rule 142(a).

The handwriting reflected by petitioners' signatures on their 1982, 1983, and 1984 joint Federal income tax returns appears to be identical to the handwriting reflected by petitioners' signatures on the Form 872, and no credible evidence indicates to the contrary.

In this case, the evidence is clear that the period of limitation to assess tax for 1982 was properly extended to December 31, 1986, and that respondent, on September 9, 1986, timely mailed the notice of deficiency regarding petitioners' 1982 Federal income tax.

In accordance with our prior decision and the decision of the Court of Appeals for the Ninth Circuit, we conclude that respondent's notice of deficiency for 1982 was issued within the prescribed statutory period and that petitioners are liable for the Federal income tax deficiency and additions to tax for 1982 as previously determined by this Court in <u>Bybee v. Commissioner</u>, <u>supra</u>.

<u>Decision will be entered</u>

<u>for respondent</u>.